**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| UNITED STATES, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Cr. No. C-10-595-1 |
| | § | |
| ESNEIDER HIDROBO. | § | |

## ORDER DENYING MOTION TO APPOINT COUNSEL

On December 7, 2012, the Clerk received Esneider Hidrobo's motion for appointment of counsel to assist him with a prospective motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 83. The motion is denied for the reasons stated below.

A section 2255 movant is not automatically entitled to appointed counsel. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir.1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of section 2255 proceedings in which the Court is required to appoint counsel. See, e.g., Rules Governing § 2255 Proceedings 8(c) (2012) (hereinafter "the § 2255 Rules") (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id. at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").

Hidrobo recognizes that appointment of counsel is not automatic, but discretionary. He claims he needs counsel, that because he is Spanish speaking and ignorant of the law, "he does not know how to present a claim, except by writing letters to the Court voicing his

complaint with supporting it with legal authorities." D.E. 83. It is not at all unusual for prisoners to represent themselves in post-conviction proceedings, in fact it is the norm. Federal prisoners are also often illiterate in English. See United States v. Polbo-Torres, 2005 WL 8175, *2, 3:04cv1541-P (N.D. Tex.2005) (Inability to speak or read the English language is a disability common to many incarcerated person). In considering Hidrobo's request, the Court notes that his motion clearly states several claims that may form appropriate bases for consideration in a § 2255 proceeding. Accordingly, this Court finds that appointment of counsel is unnecessary in this instance.

Hidrobo's motion for appointment of counsel is DENIED WITHOUT PREJUDICE. If this Court orders an evidentiary hearing or determines that discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Hidrobo. The Clerk is instructed to forward § 2255 forms to Mr. Hidrobo.

It is so ORDERED this 2nd day of January 2013.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE